**Joaquin Santos REYES; Rosalia Martha Ortiz–Gonzalez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75725.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Law Offices of Sarah J.M. Jones, San Francisco, CA, Sarah J.M. Jones, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Joaquin Santos Reyes and Rosalia Martha Ortiz–Gonzalez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We dismiss the petition for review.

The evidence petitioners presented with their motion concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir. 2006). We therefore lack jurisdiction to review the BIA's discretionary determination that petitioners failed to establish that this evidence would likely alter the prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

Further, petitioners' contention that the BIA violated their due process rights by disregarding new evidence of hardship is not supported by the record because the BIA stated that it did review petitioners' contentions. This does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) (stating that "traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.